IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHMOND C. LANEY | : | |
| Petitioner | : | |
| v. | : | Civil Action No. DKC-05-2940 |
| MARY ANN SAAR | : | |
| and | | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF MARYLAND | | |
| | : | |
| Respondents | ..o0o.. | |

**MEMORANDUM**

Petitioner Richmond C. Laney filed this 28 U.S.C. § 2254 application for writ of habeas corpus to challenge his conviction in 2001 in the Circuit Court for Howard County for possession of an explosive device and unlawful possession of an explosive without a license. Respondents, Mary Ann Saar, Secretary of the Department of Public Safety and Correctional Services, and J. Joseph Curran, Attorney General of the State of Maryland, through their counsel, filed their Answer. The State argues that Petitioner's application should be dismissed without hearing for the failure to exhaust available state court remedies as required pursuant to 28 U.S.C. § 2254(b) and (c). Upon review of the record, it is clear that Petitioner's claims have not yet been exhausted in the state courts. The petition shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies.

I. Procedural Background

Petitioner was convicted after a bench trial and sentenced to ten years imprisonment, all

suspended but time served, with five years probation.[1]  Through counsel, Laney filed an appeal in the Court of Special Appeals of Maryland.  On April 18, 2003, that court affirmed his convictions in an unreported opinion.   By reported opinion filed on February 13, 2004, the Court of Appeals of Maryland, which had granted certiorari review, affirmed the judgment of the intermediate appellate court.  The Supreme Court of the United States denied certiorari on November 1, 2004.  Laney has not initiated any state post conviction proceedings.  Paper No. 1 at 3.

II.  Analysis

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  See  28 U.S.C. § 2254(b)&(c); see also  Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction.  In Maryland,  a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of  post-conviction proceedings.[2]

In this case, Petitioner has yet to exhaust his claims by way of collateral review before the appropriate state courts.   Further, Petitioner has not presented any reason why the exhaustion requirements, as set forth above, should not apply in his case. Accordingly, a separate Order will be

---

[1] Laney remains on probation and is therefore "in custody" for the purposes of 28 U.S.C. § 2254. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (interpreting 28 U.S.C. §2244(a) as requiring the habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed).

[2] To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and if unsuccessful there, in an application for leave to appeal to the Court of Special Appeals. See Md. Crim. Proc. Code Ann. §7-101 *et seq* (2001).  Where the Court of Special Appeals issues a decision that constitutes something other than a discretionary determination that there should be no appeal, the Court of Appeals of Maryland has discretion to review the case further. See Grayson  v. State, 354 Md. 1, 10-12, 728 A. 2d 1280 (1999).

entered, dismissing the petition without prejudice, to allow Petitioner to exhaust his state court remedies. Petitioner is reminded that there is a one-year filing deadline for a 28 U.S.C. §2254 writ of habeas corpus in federal court.[3] Petitioner must take care not to miss this deadline should he seek to refile this petition after he has exhausted state court review. A separate Order follows.


____3/7/06_____                              _____/s/_____
Date                                             DEBORAH K. CHASANOW
                                                 United States District Judge

---

[3]  This section provides:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>       (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.